LAW OFFICES OF KIM F. MALLORY
KIM F. MALLORY, Esq. State Bar No.159870
4980 APPIAN WAY, SUITE 203
EL SOBRANTE, CA 94803
(510) 223-3657 FAX (510) 223-3652

ORIGINAL
FILED

JUN 1 8 2002

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Attorney for Plaintiffs
Americans with Disabilities Advocates;
GEORGE S. LOUIE and BARNABUS FAIRFIELD

ADR

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VRW

| | |
|---|---|
| AMERICANS WITH DISABILITIES ADVOCATES, a Nevada Nonprofit Corporation; GEORGE S. LOUIE and BARNABUS FAIRFIELD<br><br>        Plaintiffs,<br><br>  vs.<br><br>CONSTELLATION BRANDS, INC., FRANCISCAN ESTATES DBA SIMI WINERY,<br>16275 HEALDSBURG AVENUE<br>HEALDSBURG, CA<br><br>        Defendants. | Case No **C 02 2911**<br><br>CIVIL RIGHTS<br><br>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DISCRIMINATION AGAINST PERSONS WITH DISABILITIES; AMERICANS WITH DISABILITIES ACT OF 1990; CAL. CIVIL CODE §§54, ET SEQ.; CAL. CIVIL CODE §§51, ET SEQ.; CAL. HEALTH & SAFETY CODE §§19955, ET SEQ.; CAL. BUS. & PROF. CODE §17200, ET SEQ.; NEGLIGENCE; DECLARATORY RELIEF; DAMAGES FOR PERSONAL INJURY<br><br>JURY TRIAL DEMANDED |

INTRODUCTION

    1. Plaintiffs complain of Defendant herein and allege that:

AMERICANS WITH DISABILITIES ADVOCATES is a Nevada Nonprofit Corporation organized with the principal purpose of helping to

1 eliminate discrimination against individuals with disabilities
2 by ensuring public facilities are in compliance with laws
3 intended to provide access to housing, public buildings,
4 transportation, goods, and services and to make sure that people
5 with disabilities are treated with dignity.
6 In addition, AMERICANS WITH DISABILITIES ADVOCATES ensures that
7 disabled persons are offered the same opportunities extended to
8 people without disabilities and helps to educate persons with
9 disabilities about the laws related to them.
10 Members of AMERICANS WITH DISABILITIES ADVOCATES are primarily
11 individuals with disabilities and persons related to individuals
12 with disabilities. Membership includes residents throughout
13 United States.
14 As a result of their disabilities, certain accommodations are
15 necessary to allow AMERICANS WITH DISABILITIES ADVOCATES members
16 access to public buildings, transportation, goods and services.
17 AMERICANS WITH DISABILITIES ADVOCATES is committed to serving
18 the needs of all disabled people and fully support the Americans
19 With Disabilities Act of 1990, California Disabled Persons Act
20 and Unruh Civil Rights Act.
21 AMERICANS WITH DISABILITIES ADVOCATES believe the goals and
22 objectives of these laws will enhance the quality of our
23 society; that the American economy will be made stronger by
24 businesses that reach out to include all segments of the
25 population; and that these laws ultimately help to invigorate
26 the economy by bringing more individuals with disabilities into
27 the consumer mainstream.
28

1  action arose in this district CONSTELLATION BRANDS, INC.,

2  FRANCISCAN ESTATES DBA SIMI WINERY are residents of HEALDSBURG,

3  California.

4      6.   Under the doctrine of pendant and supplemental

5  jurisdiction, this Court has jurisdiction over plaintiffs'

6  claims arising under California State law.

7

8                              VENUE

9      7.   Pursuant to 28 U.S.C. section 1391(b), venue is proper

10  in the District in which this complaint is filed, which is the

11  judicial district in which the claim has arisen. CONSTELLATION

12  BRANDS, INC., FRANCISCAN ESTATES DBA SIMI WINERY is a

13  California, corporation.

14                      FACTUAL ALLEGATIONS

15     8.   Within the last 3 months before the filing of this

16  complaint, Plaintiffs GEORGE S. LOUIE and BARNABUS FAIRFIELD

17  attempted to visit CONSTELLATION BRANDS, INC., FRANCISCAN

18  ESTATES DBA SIMI WINERY however, there are three 6-inch steps

19  blocking the path of travel into the sales office/tasting bar.

20  Plaintiffs will visit this facility on a regular basis when it

21  comes into compliance with state and federal law.

22     9. No handicap parking; no van accessibility handicap

23         parking, inaccessible handicap restrooms and inaccessible

24         path of travel into the sales office; there are three 6-

25         inch steps leading into the tasting bar.

26     10. CONSTELLATION BRANDS, INC., FRANCISCAN ESTATES DBA SIMI

27  WINERY has the following violations:

28

COMPLAINT                        -5-

a.   There is no handicapped parking and signage. Code
     citation: Each Parking space reserved for persons
     with disabilities shall be identified by a
     reflectorized sign permanently posted immediately
     adjacent to and visible from each stall or space,
     consisting of a profile view of a wheel chair with
     occupant inn white on dark blue background. The sign
     shall not be smaller than 70 square inches (4516 mm
     squared) in area and, when in a path of travel,
     shall be posted at a minimum height of 80 inches
     (2032 mm) from the bottom of the sign to the parking
     space finished grade. Signs may also be centered on
     the wall at the interior end of the parking space at
     a minimum height of 36 inches (914 mm) from the
     parking space finished grade, ground or sidewalk.
     Spaces complying with Section 1129B.4, Item 2 shall
     have an additional sign stating "Van-Accessible"
     mounted below the symbol of accessibility. An
     additional sign shall also be posted also be posted
     in a conspicuous place at each entrance to off-
     street parking facilities, or immediately adjacent
     to and visible from each stall or space. The sign
     shall not be less than 17 inches by 22 inches (432
     mm by 559 mm0 in size with lettering not less than 1
     inch (25 mm) in height, which clearly and
     conspicuously states the following:
     "Unauthorized vehicles parked in designated
     accessible spaces not displaying distinguishing

placards or license plates issued for persons with disabilities may be towed at owners expense. Towed vehicles may be reclaimed at _____ or by telephoning) _____ ."

b.  The parking lot is not level. CODE CITATION: surface slope of accessible parking spaces shall be the minimum possible and shall not exceed 1 unit vertical to 50 (1:50) units horizontal (2% slope) in any direction. (CBC 1129B.4.4)

c.  There is no van accessible space provided. Code citation: One in every eight accessible spaces, but not less than one, shall be served by an access aisle 96 inches wide minimum ad shall be designated van accessible as required by Section 1129B.5. All such spaces may be grouped to one level of a parking structure. (CBC 1129B.4.2)

d.  Inside of the CONSTELLATION BRANDS, INC., FRANCISCAN ESTATES DBA SIMI WINERY restroom near the parking lot, on June 12, 2002, Plaintiffs attempted to use the men's restroom and its facilities.  Plaintiffs were unable to get their wheelchairs through the narrow doorways of the restroom because the doorway was too narrow to accommodate persons with disabilities, who use wheelchairs, and the restrooms were configured in violation of the requirements of the Americans With Disabilities Act of 1990, 42 U.S.C. Sections 12101, et. seq. and 28 C.F.R. Ch 1 (7-1-94 Edition) Sections 36.34 et. seq. As a result

12. Many of the actions which Defendant failed to make CONSTELLATION BRANDS, INC., FRANCISCAN ESTATES DBA SIMI WINERY accessible to persons with disabilities were readily achievable, required by law, and would have greatly assisted persons with disabilities at little expense to defendant.

## PARTIES

13. Plaintiffs GEORGE S. LOUIE and BARNABUS FAIRFIELD are individuals with a physical disability within the meaning of all applicable statutes, including the ADA, 42 United States Code section 12101, et seq., California Civil Code sections 54 et. seq., California Business and Professions Code sections 17200, et seq., and California Health and Safety Code sections 19955, et seq. Plaintiff George LOUIE is a physically disabled or "physically handicapped" person who often requires use of a wheelchair to travel about in public places. Mr. LOUIE is a diabetic whose physical conditions required the amputation of his right leg in 1996. Although he sometimes can walk with the aid of a prosthesis, at other times difficulties with sores on the stump of his amputated leg, make use of the prosthesis difficult or impossible and requires that he use a wheelchair in order to travel about in public.

14. Defendant CONSTELLATION BRANDS, INC., FRANCISCAN ESTATES DBA SIMI WINERY headquarters in HEALDSBURG, CA is a for-profit partnership that owns, operates, maintains and/or controls retail establishments located in the City of HEALDSBURG, County of Sonoma, State of California.

15. Plaintiffs are informed and believe, and therefore allege, that CONSTELLATION BRANDS, INC., FRANCISCAN ESTATES DBA

SIMI WINERY business was newly built and/or underwent substantial remodeling, repairs or alterations after 1971.

16.   Defendant has known that CONSTELLATION BRANDS, INC., FRANCISCAN ESTATES DBA SIMI WINERY violated disability access requirements and standards, but has refused to rectify the violations.

## FIRST CLAIM

(Violation of the Americans With Disabilities Act)

17.   Plaintiffs incorporate by reference herein the allegations in paragraphs 1-16, inclusive.

18.   Defendant's acts and omissions alleged herein are in violations of the ADA, 42 U.S.C. sections 12101, et. seq., and the regulations promulgated thereunder, 28 Code of Federal Regulations Part 36.

19. CONSTELLATION BRANDS, INC., FRANCISCAN ESTATES DBA SIMI WINERY is a public accommodation covered by Title III of the ADA.

20.   Defendant has failed to remove barriers to be accessed by persons with disabilities at CONSTELLATION BRANDS, INC., FRANCISCAN ESTATES DBA SIMI WINERY where such barriers are readily achievable.

21.   Defendant has failed to provide necessary auxiliary aids and services at CONSTELLATION BRANDS, INC., FRANCISCAN ESTATES DBA SIMI WINERY where provision of such auxiliary aids and services does not pose an undue burden.

22.  Defendant has failed to modify policies and procedures at CONSTELLATION BRANDS, INC., FRANCISCAN ESTATES DBA SIMI WINERY to ensure equal access for persons with disabilities.

23.  Defendant's conduct constitutes ongoing and continuous violations of the ADA and, unless restrained from doing so, defendant will continue to violate said law.  Said conduct, unless enjoined, will continue to inflict injuries for which plaintiffs have no adequate remedy at law.  Consequently, plaintiffs are entitled to injunctive relief pursuant to section 308 of the ADA (42 U.S.C. §12188).  Plaintiffs are also entitled to recover reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.


## SECOND CLAIM

(Violation of Cal. Civ. Code §§54, et. seq.)

24.  Plaintiffs incorporate by reference herein the allegations in paragraphs 1-23, inclusive.

25.  The SUBJECT FACILITY constitutes a public accommodation within the meaning of California Civil Code sections 54.1 and 54.3.

26.  Defendant has violated plaintiffs' rights by denying them full and equal access to and use and enjoyment of CONSTELLATION BRANDS, INC., FRANCISCAN ESTATES DBA SIMI WINERY and in doing so, defendant has acted willfully and maliciously.

27.  Defendant's actions constitute a violation of plaintiffs' rights under California Civil Code sections 54, et. seq., and therefore, plaintiffs are entitled to injunctive relief remedying the violations.  Plaintiffs are also entitled

to damages under California Civil Code section 54.3 for each offense and under California Civil Code section 52(a).

28.   Plaintiffs are also entitled to reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.


## THIRD CLAIM

(Violation of Cal. Civ. Code §§51,and §§52(a) et.seq.)

29.   Plaintiffs incorporate by reference herein the allegations in paragraphs 1-28, inclusive.

30.   The conduct of defendant is in violation of California Civil Code sections 51, et. seq., the Unruh Civil Rights Act, in that patrons of the SUBJECT FACILITY who have physical disabilities have either not been provided services and facilities that are provided to other persons or have been provided services and facilities that are not equal to, and are inferior to, the services provided to persons who do not have disabilities.

31.   Defendant has committed additional violations of the Unruh Civil Rights Act, in that the conduct alleged herein constitutes a violation of various provisions of the ADA, 42 U.S.C. sections 12101, et. seq., as set forth below.

32.   The conduct of the defendant was and is in violation of the Unruh Civil Rights Act, California Civil Code sections 51, et. seq., and therefore Plaintiffs are entitled to injunctive relief remedying the violations.   Plaintiffs are also entitled under California Civil Code section 52 to damages for each offense.

33.  Plaintiffs are also entitled to reasonable attorneys'
fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.

## FOURTH CLAIM

(Violation of Cal. Health &
Safety Code §§19955, et. seq.)

34.  Plaintiffs incorporate by reference herein the
allegations in paragraphs 1-33, inclusive.

35.  The SUBJECT FACILITY is a public accommodation within
the meaning of California Health and Safety Code section 19955
and defendant has constructed and/or altered the SUBJECT
FACILITY within the meaning of California Health and Safety Code
section 19959.  The actions of defendant constitute a denial of
access to and use of the SUBJECT FACILITY by persons with
physical disabilities.

36.  Defendant's failure to fulfill its duty to provide
access has caused Plaintiffs to suffer injury.

37.  As a result of defendant's violation of Health and
Safety Code sections 19955, et. seq., described herein,
Plaintiffs are entitled to injunctive relief pursuant to Health
and Safety Code section 19953.

WHEREFORE, Plaintiffs request relief as set forth below.

## FIFTH CLAIM

(Unfair Business Practice – Injunctive Relief Only;
Cal. Bus. & Prof. Code §§17200, et. seq.)

38. Plaintiffs incorporate by reference herein the allegations in paragraphs 1-37, inclusive.

39. Defendant's conduct, as alleged, is part of a general business practice by defendant. Defendant has made a considered decision to promote profit at the expense of defendant's legal obligations to patrons with disabilities.

40. Defendant's policies and practices constitute an unfair business practice within the meaning of California business and Professions Code sections 17200, et. seq., in that inter alia, defendant appeals to, advertises to, and purports to serve persons with disabilities, yet defendant's facility is inaccessible and illegal, in violation of public policy.

41. Plaintiffs are entitled to an injunction restraining defendant from engaging in any act or omission, or failing to engage in any act or omission, the effect of which is to cause, directly or indirectly, discrimination by defendant against persons with disabilities.

42. Plaintiffs are also entitled to attorney's fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.


SIXTH CLAIM
(Negligence)


43. Plaintiffs incorporate by reference herein the allegations in paragraphs 1-42, inclusive.

44. Defendant had and continues to have a duty to exercise ordinary care.

45. Defendant failed, and continues to fail, to exercise ordinary care.

46. As an actual and proximate result of defendant's failure to exercise ordinary care, Plaintiffs suffered damages is an amount to be determined by proof.

47. At all times relevant hereto, there was in effect, the Americans With Disabilities Act, California Civil Code sections 51, et. seq., California Civil Code sections 54, et. seq., and California Health and Safety Code sections 19955, et. seq., all of which have required that public accommodations and facilities provide services to people with disabilities which are equal to, and are not inferior to, the services provided to patrons who are not physically disabled.

48. Defendant's acts and omissions alleged herein, are in violation of statutory requirements (including, but not limited to, the Americans With Disabilities Act, California Health and Safety Code sections 51, et. seq., California Business and Professions Code section 17200, et. seq., and public policy, which statues are designed to protect persons with disabilities from the type of harm inflicted on Plaintiffs.

49. Defendant's conduct thus constitutes negligence and negligence per se.

WHEREFORE, Plaintiffs request relief as set forth below.

<u>SEVENTH CLAIM</u>

(Declaratory Relief)

50. Plaintiffs incorporated by reference herein the allegations in paragraph 1-49, inclusive.

51. Plaintiffs contend, and are informed and believe that defendant denies that the SUBJECT FACILITY fails to comply with applicable laws prohibiting discrimination against persons with disabilities and are in violation of statues including, but not limited to, California Civil Code sections 54, et. seq., California Civil Code sections 51, et. seq., the ADA, Business and Professions Code section 17200, et. seq., and California Health and Safety Code sections 19955, et. seq.

52. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiffs request relief as set forth below.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs pray for judgment as follows:

1. An order and judgment enjoining defendant from violating the ADA, 42 United States Code sections 12101, et. seq., California Civil Code sections 51, et. seq., California Health and Safety Code sections 19955, et. seq., and California Business and Professions Code sections 17200, et. seq.;

2. A declaration that the SUBJECT FACILITY is designed and operated in a manner which discriminates against persons with physical disabilities and which fails to provide full access for persons with disabilities as required by law;

3. Damages in an amount to be determined by proof;

4. Treble damages pursuant to California Civil Code sections 52(a) and 54.3 and/or punitive damages;

and section 1021.5 Code of Civil Procedure;

5. Punitive damages pursuant to section 3294 Civil Code;

6. Pre-judgement interest pursuant to section 3291 of the Civil Code;

7. General and compensatory damages according to proof;

8. All damages as afforded by Civil Code section 54.3 for each day on which the defendants have denied to Plaintiff equal access for the disabled;

9. Plaintiff's reasonable attorney's fees and costs;

10. Such other and further relief as the Court deems just and proper.

DATED: June 12, 2002

KIM F. MALLORY, Esq.
Attorney for Plaintiffs
Americans With
Disabilities Advocates,
George S. Louie and
Barnabus Fairfield

DEMAND FOR JURY TRIAL

PLAINTIFFS hereby demands a jury for all claims for which a jury is permitted.

Dated: June 12, 2002

KIM F. MALLORY, Esq.
Attorney for Plaintiffs
Americans With
Disabilities Advocates,
George S. Louie and
Barnabus Fairfield

COMPLAINT                                    -18-





**Transfer interrupted!**

ontent-type" content="text/html;charset=ISO-8859-1">

**U.S. Department of Justice**
Civil Rights Division
*Disability Rights Section*



Americans with Disabilities Act

# ADA Business Brief:

# Restriping Parking Lots

## Accessible Parking Spaces

When a business restripes a parking lot, it must provide accessible parking spaces as required by the ADA Standards for Accessible Design.

In addition, businesses or privately owned facilities that provide goods or services to the public have a continuing ADA obligation to remove barriers to access in existing parking lots when it is readily achievable to do so. Because restriping is relatively inexpensive, it is readily achievable in most cases.

This ADA Business Brief provides key information about how to create accessible car and van spaces and how many spaces to provide when parking lots are restriped.

## Accessible Parking Spaces for Cars

Accessible parking spaces for cars have at least a 60-inch-wide access aisle located adjacent to the designated parking space. The access aisle is just wide enough to permit a person using a wheelchair to enter or exit the car. These parking spaces are identified with a sign and located on level ground.

## Van-Accessible Parking Spaces

4/29/02 7:51 AI

Van-accessible parking spaces are the same as accessible parking spaces for cars except for three features needed for vans:

- a wider access aisle (96") to accommodate a wheelchair lift;

- vertical clearance to accommodate van height at the van parking space, the adjacent access aisle, and on the vehicular route to and from the van-accessible space, and

- an additional sign that identifies the parking spaces as "van accessible."



**One of eight accessible parking spaces, but always at least one, must be van-accessible.**

(illustration showing a van with a side-mounted wheelchair lift
lowered onto a marked access aisle at a van-accessible parking space.
A person using a wheelchair is getting out of the van.
A dashed line shows the route from the lift to the sidewalk.)

## Minimum Number of Accessible Parking Spaces

ADA Standards for Accessible Design 4.1.2(5)

| Total Number of Parking Spaces Provided (per lot) | (Column A) Total Minimum Number of Accessible Parking Spaces (60" & 96" aisles) | Van-Accessible Parking Spaces with min. 96" wide access aisle | Accessible Parking Spaces with min. 60" wide access aisle |
|---|---|---|---|
| 1 to 25 | 1 | 1 | 0 |
| 26 to 50 | 2 | 1 | 1 |
| 51 to 75 | 3 | 1 | 2 |
| 76 to 100 | 4 | 1 | 3 |
| 101 to 150 | 5 | 1 | 4 |
| 151 to 200 | 6 | 1 | 5 |
| 201 to 300 | 7 | 1 | 6 |
| 301 to 400 | 8 | 1 | 7 |
| 401 to 500 | 9 | 2 | 7 |
| 501 to 1000 | 2% of total parking provided in each lot | 1/8 of Column A* | 7/8 of Column A** |
| 1001 and over | 20 plus 1 for each 100 over 1000 | 1/8 of Column A* | 7/8 of Column A** |

\* one out of every 8 accessible spaces ** 7 out of every 8 accessible parking spaces

## Features of Accessible Parking Spaces for Cars



*(plan drawing showing an accessible parking space for cars*
*with a 96 inch wide designated parking space,*
*a 60 inch wide min. marked access aisle and the following notes)*

4/29/02 7:51 AM

- **Sign with the international symbol of accessibility** mounted high enough so it can be seen while a vehicle is parked in the space.

- If the accessible route is located in front of the space, install wheelstops to keep vehicles from reducing width below 36 inches.

- **Access aisle of at least 60-inch width must be level (1:50 maximum slope in all directions)**, be the same length as the adjacent parking space(s) it serves and must connect to an accessible route to the building. Ramps must not extend into the access aisle.

- **Boundary of the access aisle must be marked**. The end may be a squared or curved shape.

- Two parking spaces **may share an access aisle**.

## Three Additional Features for Van-Accessible Parking Spaces



*(plan drawing showing a van-accessible parking space with a 96 inch wide designated parking space, a 96 inch wide min. marked access aisle and the following notes)*

- **Sign with "van accessible"** and the international symbol of accessibility mounted high enough so the sign can be seen when a vehicle is parked in the space

- **96" min. width access aisle**, level (max. slope 1:50 in all directions), located beside the van parking space

- **Min. 98-inch-high clearance** at van parking space, access aisle, and on vehicular route to and from van space

## Location

Accessible parking spaces must be located on the shortest accessible route of travel to an accessible facility entrance. Where buildings have multiple accessible entrances with adjacent parking, the accessible parking spaces must be dispersed and located closest to the accessible entrances.

When accessible parking spaces are added in an existing parking lot, locate the spaces on the most level ground close to the accessible entrance. An accessible route must always be provided from the accessible parking to the accessible entrance. An accessible route never has curbs or stairs, must be at least 3- feet wide, and has a firm, stable, slip-resistant surface. The slope along the accessible route should not be greater than 1:12 in the direction of travel.

Accessible parking spaces may be clustered in one or more lots if equivalent or greater accessibility is provided in terms of distance from the accessible entrance, parking fees, and convenience. Van-accessible parking spaces located in parking garages may be clustered on one floor (to accommodate the 98-inch minimum vertical height requirement).

## Free Technical Assistance

Answers to technical and general questions about restriping parking lots or other ADA requirements are available by telephone on weekdays. You may also order the ADA Standards for Accessible Design and other ADA publications, including regulations for private businesses or State and local governments, at any time day or night. Information about ADA-related IRS tax credits and deductions is also available from the ADA Information Line.

**Department of Justice**

## ADA Information Line

**800-514-0301 (voice)**

**800-514-0383 (TTY)**

## ADA Website and ADA Business Connection

You may also review or download information on the Department's ADA Internet site at any time. The site provides access to the ADA Business Connection and the ADA design standards, ADA regulations, ADA Policy Letters, technical assistance materials, and general ADA information. It also provides links to other Federal agencies, and updates on new ADA requirements and enforcement efforts.

### www.usdoj.gov/crt/ada/adahom1.htm

**Reference:**

ADA Standards for Accessible Design (28 CFR Part 36):

§ 4.1.6 Alterations;

§ 4.1.2 Accessible Sites and Exterior Facilities: New Construction,

§ 4.1.6 Parking and Passenger Loading Zones, and

§ 4.3 Accessible Route

Duplication is encouraged.

———————————————

PDF version Restriping Parking Lots Business Brief

ADA Business Connection

## ADA Home Page

last update January 22, 2002